UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2009 MAR 25  P 3: 21

| | |
|---|---|
| **Lela M. Harris,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **HSBC Bank Nevada, N.A.,** dba Beneficial and | ) |
| Homecomings Finance Company, a foreign | ) |
| corporation, **GE Money Bank,** a foreign | ) |
| corporation, **Equifax Information Services, LLC,** | ) |
| a foreign limited liability company, **Experian** | ) |
| **Information Solutions, Inc.,** a foreign corporation, | ) |
| and **Trans Union, LLC,** a foreign limited liability | ) |
| company, | ) |
| | ) |
| *Defendants.* | ) |

Civil Action No.: 2:09CV249 - wha
**Plaintiff Demands Jury Trial**

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto

this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.    This Complaint seeks actual, compensatory, statutory and / or punitive damages,

including injunctive and declaratory relief, brought by an individual consumer

(hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for

violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred

to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-

1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of

action.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory

relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of

Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were

committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3.      Plaintiff Lela M. Harris (hereinafter referred to as "Plaintiff") is a natural person and a

resident and citizen of Montgomery County, the State of Alabama, and of the United

States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala.

Code 1975, § 8-19-3(2).

4.      Defendant HSBC Bank Nevada, N.A., d/b/a/ Beneficial and Homecomings Finance

Company (hereinafter referred to as "HSBC" or "Defendant"), is a foreign corporation

that regularly furnishes credit to consumers within the state of Alabama.

5.      Defendant GE Money Bank (hereinafter referred to as "GE Money Bank" or

"Defendant") is a foreign corporation that regularly furnishes credit to consumers within

the state of Alabama.

6.      Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or

"Defendant") is a foreign limited liability company licensed to do business within the

state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f)

of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing

information concerning consumers for the purpose of furnishing consumer reports, as

defined in section 1681a(d) of the FCRA, to third parties.

7.     Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or
        "Defendant") is a foreign corporation licensed to do business within the state of Alabama.
        Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA,
        regularly engaged in the business of assembling, evaluating, and dispersing information
        concerning consumers for the purpose of furnishing consumer reports, as defined in
        section 1681a(d) of the FCRA, to third parties.

8.     Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is
        a foreign limited liability company licensed to do business within the state of Alabama.
        Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FCRA,
        regularly engaged in the business of assembling, evaluating, and dispersing information
        concerning consumers for the purpose of furnishing consumer reports, as defined in
        section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendants HSBC Bank and GE Money Bank:

9.     Plaintiff incorporates by reference herein paragraphs one (1) through nine (9).

10.    Plaintiff filed for Chapter 7 debt relief under Title 11 of the United States Bankruptcy
        Code and was discharged on December 20, 2007.[1]

11.    Notwithstanding, Defendants continue to report Plaintiff's accounts to one or more of the
        three national consumer reporting agencies (hereinafter referred to as "CRAs") as having

---

1 United States Bankruptcy Court for the Middle District of Alabama, Case No.: 07-31152.

current balances due and payable, rather than reflecting that such were discharged in

bankruptcy. More specifically, more than one year after Plaintiff's debts were

discharged,:

a. HSBC reported to both Experian and Trans Union that Plaintiff remained

personally liable and owed $13,177 on the discharged debt; and

b. GE Money Bank reported to both Equifax and Trans Union that Plaintiff remained

personally liable and owed $315 on the discharged debt.

12. Defendants received both the BNC Certificate of Service – Meeting of Creditors (Bk. Ct.

Doc. #8) and the BNC Certificate of Service – Order of Discharge (Bk. Doc. #22).

13. Defendants have intentionally, willfully and maliciously failed to implement reasonable

procedures to insure that Plaintiff's accounts are reported as having "0" balances as

contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary §

607 item 6 states that "a consumer report may include an account that was discharged in

bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to

reflect the fact that the consumer is no longer liable for the discharged debt."[2]

14. Notwithstanding that Defendants properly update numerous accounts each month they

have intentionally, maliciously and willfully refused to do so with Plaintiff, and other

similarly situated consumers. More specifically, Defendants have a policy to refuse to

properly update credit files of consumers who have obtained debt relief through the U.S.

---

2 Notwithstanding that the Federal Trade Commission's Staff Commentary lacksany substantive precedential
esteem, it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

Bankruptcy Code.

15.     As eloquently stated by the Honorable Judge William R. Sawyer of the United States
        Bankruptcy Court for the Middle District of Alabama, "[t]he sheer number of ... cases
        [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports]
        may suggest that some creditors are systematically taking such action in an effort to
        diminish the value of a discharge in bankruptcy."[3]

16.     Defendants have promised, through their subscriber agreements or contracts with the
        CRAs to update accounts that have been discharged in bankruptcy but have willfully,
        maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as
        well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and
        state law which has resulted in this information remaining on Plaintiff's credit reports.

17.     Defendants have a policy to "park" their accounts on at least one of Plaintiff's credit
        reports.  This industry-specific term refers to keeping a false balance on the credit report
        so that the consumer will be forced to pay off the balance in order to obtain refinancing,
        qualify for a loan, or increase the consumer's credit score from the artificially lowered
        score which directly resulted from the Defendant's intentional and malicious conduct.

---

3 In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby),
337 B.R. 293 (Bankr.N.D.Ohio 2005)* (reporting discharged debts as past due on credit report); *Helmes v. Wachovia
Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past
due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12,
2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and
"charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged
debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65
(Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent
Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and
"past due 180 days" on credit report)).

18.   Defendants have agreed to and understand they must follow the requirements of the

FCRA including, but not limited to, the following:

a)   15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any

information relating to a consumer to any consumer reporting agency if the person

knows or has reasonable cause to believe that the information is inaccurate."[4]

b)   15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information

relating to a consumer to any consumer reporting agency if -

(i)   the person has been notified by the consumer, at the address specified by

the person for such notices, that specific information is inaccurate; and

(ii)   the information is, in fact, inaccurate."

c)   15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)   regularly and in the ordinary course of business furnishes information to

one or more consumer reporting agencies about the person's transactions

or experiences with any consumer; and

(B)   has furnished to a consumer reporting agency information that the person

determines is not complete or accurate, shall promptly notify the consumer

reporting agency of that determination and provide to the agency any

corrections to that information, or any additional information, that is

necessary to make the information provided by the person to the agency

---

4 As indicated herein, Defendants affirmed the validity of these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

complete and accurate, and shall not thereafter furnish to the agency any of

the information that remains not complete or accurate."[5] (emphasis

supplied).

19.    Defendants know that "parking" balances, with the intent to maliciously coerce

consumers into paying discharged debts, will lead to the publication of false and

defamatory information every time Plaintiff's credit reports are accessed.  Because

Plaintiff's credit reports have been accessed since the discharge, such false information

has been published to third parties.

20.    All actions taken by employees, agents, servants, or representatives of any type for

Defendants were taken in the line and scope of such individuals' (or entities')

employment, agency, or representation.

21.    Defendants' actions – engaging in a pattern and practice of wrongful and unlawful

behavior, i.e. attempting to collect upon discharged debts – were malicious, wanton,

reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the

knowledge that their actions would very likely harm Plaintiff, and that their actions were

taken in violation of the law.

22.    The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA,

ADTPA, federal law, and state law of Defendants, regarding Plaintiff's discharged debts,

as described herein, constitute harassment which has resulted in the negligent and

---

5 Defendants became aware that such previously reported information was "not complete or accurate" upon receipt
of the BNC Notices issued by the bankruptcy court.

intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

**Defendants Equifax, Experian and Trans Union:**

23. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish, and continue to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

24. Indisputably, based upon the sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

25. Defendants' intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

## COUNT ONE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*

26.     Plaintiff incorporates by reference herein paragraphs one (1) through twenty-five (25).

27.     In the entire course of their actions, Defendants willfully and/or negligently violated

multiple provisions of the FCRA in one or more of the following respects:

      a)    By willfully and/or negligently failing, in the preparation of the consumer

reports concerning Plaintiff, to follow reasonable procedures to assure maximum

possible accuracy of the information in the reports as required by 15 U.S.C. §

1681(e)(b);

      b)    By willfully and/or negligently failing to comport with reinvestigation

procedures listed within 15 U.S.C. § 1681i;

      c)    By willfully and/or negligently failing to fulfill their duties as listed within

section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of

errors, reporting information after notice and confirmation of errors, failing to

update and/or correct previously reported information determined to be inaccurate

or incomplete, failing to provide notice of dispute, and failing to provide notice of

closed account;

      c)    Defaming Plaintiff by publishing to third parties false information

regarding Plaintiff's creditworthiness;

      d)    Invading the privacy of Plaintiff; and

      e)    Failing in their duty to prevent foreseeable injury to Plaintiff.

28.   The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

and knowingly as part of their routine credit reporting and/or credit furnishing business,

and in gross reckless disregard of the rights of Plaintiff.

29.   As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a

declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual,

compensatory, and statutory damages, if applicable punitive damages, and costs and

attorney's fees under the FCRA.

**COUNT TWO**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

30.   Plaintiff incorporates herein by reference paragraphs one (1) through twenty-nine (29).

31.    The conduct described herein has caused actual confusion or misunderstanding as to the

source, sponsorship, approval, or certification of services within the scope of the

Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

32.   Such conduct is generally and specifically within the meaning of the Alabama Deceptive

Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is

prohibited, unfair, and deceptive.

33.   The foregoing acts and omissions of Defendants were undertaken by them willfully,

intentionally, and knowingly as part of their routine debt collection business, and Plaintiff

relied upon such representations as being lawful, yet such conduct is prohibited.

34.   The conduct described herein has tremendous potential to be repeated where other

consumers similarly situated will be treated with the same unscrupulous, unethical, unfair

and deceptive acts and practices.

35. Defendants' unfair and deceptive acts have proximately caused emotional and actual

damages, and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## DEFENDANTS HSBC AND GE MONEY BANK
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

36. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-five (35).

37. Defendants' acts, as described herein, were done so negligently and without care or

concern for the well-being of Plaintiff.

38. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to

suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for

actual, compensatory, and punitive damages, costs and attorney's fees, and any other and

further relief deemed appropriate by this Court.

## COUNT FOUR
## HARASSMENT
## DEFENDANTS HSBC AND GE MONEY BANK

39. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-eight (38).

40. Defendants' acts, as described herein, were done so intentionally, maliciously, and

willfully, and without care or concern for Plaintiff's well being. Defendant's harassing

collection tactics and/or refusal to assure the accuracy of the information published

regarding Plaintiff, created a hostile environment for Plaintiff.

41. As a proximate consequence of Defendants' harassment, Plaintiff has been caused to

suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for

actual, compensatory, and punitive damages, costs and attorney's fees, and any other and

further relief deemed appropriate by this Court.

## COUNT FIVE
## INVASION OF PRIVACY
## ALL DEFENDANTS

42.   Plaintiff incorporates by reference herein paragraphs one (1) through forty-one (41).

43.   Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in

that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and

places Plaintiff in a false light in the eyes of those to whom the publications are made.

44.   Defendants' actions were done maliciously, without privilege, and with a willful intent to

injury Plaintiff.

45.   As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has

been caused to suffer severe emotional and mental distress, and Defendants are liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFAMATION
## ALL DEFENDANTS

46.   Plaintiff incorporates by reference herein paragraphs one (1) through forty-five (45).

47.   Defendants published false information about Plaintiff by reporting to one or more of the

CRAs, or other third parties, either a false account or balance.

48.   Furthermore, this false information was re-published each time Plaintiff's credit reports

were accessed – which was the result intended by Defendants.

49.   The publications and defamations were done maliciously, without privilege, and with a

willful intent to injure Plaintiff.

50.  As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SEVEN
## INTENTIONAL MISREPRESENTATION
## DEFENDANTS HSBC AND GE MONEY BANK

51.  Plaintiff incorporates by reference herein paragraphs one (1) through fifty (50).

52.  Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendant.

53.  Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

54.  Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

55.  As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT EIGHT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANTS HSBC AND GE MONEY BANK

56.     Plaintiff incorporates by reference herein paragraphs one (1) through fifty-five (55).

57.     Defendants' conduct, as described herein, was reckless and / or intentional, and

        performed with disregard for the rights of Plaintiff.

58.     As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff

        has been caused to suffer severe emotional and mental distress, and Defendants are liable

        to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

        any other and further relief deemed appropriate by this Court.

## COUNT NINE
## DECLARATORY AND INJUNCTIVE RELIEF
## ALL DEFENDANTS

59.     Plaintiff incorporates herein by reference paragraphs one (1) through fifty-eight (58).

60.     A dispute exists as to whether Defendants have violated the FDCPA, FCRA, ADTPA,

        federal law or state law.

61.     Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that

        Defendants violated the FDCPA, FCRA, ADTPA, federal law, and state law, and

        Plaintiff is similarly entitled to an order enjoining said acts.

62.     As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,

        compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs

        for time lost at work and litigating this matter.

63.     Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent

        and intentional infliction of mental and emotional distress upon Plaintiff, proximately

causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a)   Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)   Award Plaintiff actual damages;

c)   Award Plaintiff punitive damages;

d)   Award Plaintiff statutory damages where applicable;

e)   Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)   Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)   Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 20th day of March, 2009.

/s/ _____

Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:       (334) 263-7733

Facsimile:      (334) 832-4390
Bar Id. #:  ASB-7306-A54B

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

GE MONEY BANK
c/o The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, AL 36109

HSBC BANK NEVADA, N.A.
1111 North Town Center Drive
Las Vegas, NV 89144

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104